**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*9:46 am, Jul 17, 2026*
**JEFFREY P. COLWELL, CLERK**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| JANE DOE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. _____ |
| | ) |
| THE CONNOR GROUP LLC; HALEY | ) |
| WICKSTROM; PEGGY H.; GRETA BIESEL; | ) |
| BRYANT F.; and YARDI SYSTEMS, LLC, | ) |
| individually and d/b/a RENTCAFE | ) |
| | ) |
|     Defendants. | ) |

## MOTION TO RESTRICT PUBLIC ACCESS TO FEE-WAIVER, IDENTITY, AND SAFETY DOCUMENTS

Plaintiff Jane Doe, appearing pro se, respectfully moves this Court for an order restricting public access to Plaintiff's fee-waiver documents, identity documents, safety documents, and any exhibits or supporting materials that contain Plaintiff's true legal name, address, location, phone number, email address, Social Security benefit information, disability information, child-record information, or other identifying information.

### 1. Relief Requested

- Plaintiff is filing this action publicly as Jane Doe and is also filing a Motion for Leave to Proceed Under Pseudonym.

- Plaintiff's fee-waiver application, SSA benefit verification materials, confidential identity notice, and safety documents contain Plaintiff's real legal name and identifying information.

- Plaintiff requests that these materials not be placed on the public docket and not be made publicly accessible.

- Plaintiff asks the Court to restrict public access to the confidential materials and permit them to be submitted under seal, in a confidential envelope, or through another restricted-access procedure ordered by the Court.

### 2. Documents to Be Restricted

Plaintiff requests restricted access for documents including, but not limited to:

A. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs;

B. Plaintiff's SSA benefit verification or federal disability documentation;

C. Plaintiff's Confidential Notice of True Identity;

D. Documents containing Plaintiff's legal name, current address, location, phone number, email address, or identifying information;

1

E. State child-welfare or child-record documents supporting Plaintiff's safety basis for proceeding as Jane Doe;

F. Safety-related records or exhibits submitted in support of Plaintiff's pseudonym request;

G. Any exhibit or supporting material that would reveal Plaintiff's true identity, current location, future location, or protected safety information.

### 3. Grounds for Restriction

- Public disclosure of Plaintiff's true legal name, current address, location, and identifying information creates a serious safety risk.

- Plaintiff has filed a Motion for Leave to Proceed Under Pseudonym because Plaintiff's legal name and location must be protected from public disclosure.

- Filing the fee-waiver application or supporting documents publicly would defeat the purpose of Plaintiff's pseudonym request.

- Plaintiff's fee-waiver materials and SSA documents contain Plaintiff's real name, benefit information, disability-related information, and financial information.

- Plaintiff's safety documents and child-record materials contain sensitive information related to family violence, safety risks, and identifying details.

- Public access to those materials would expose Plaintiff's identity and location and would create the same safety danger that Plaintiff seeks to prevent through the pseudonym motion.

- Restricting public access is necessary to protect Plaintiff's safety, privacy, and identity while allowing the Court and Defendants to receive the information needed for case administration and defense.

- Plaintiff does not seek to prevent Defendants from receiving information necessary to defend this case. Plaintiff requests only that the materials be kept off the public docket and handled through a sealed, confidential, or restricted procedure directed by the Court.

### 4. Requested Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

A. Granting this Motion;

B. Restricting public access to Plaintiff's fee-waiver application, SSA benefit verification, confidential identity notice, safety documents, child-record materials, and any exhibits or supporting documents containing Plaintiff's legal name, address, location, phone number, email address, disability information, benefit information, or identifying information;

C. Directing that such materials be filed under seal, submitted in a confidential envelope, or handled through another restricted-access procedure ordered by the Court;

D. Directing that such materials not be placed on the public docket or made publicly accessible unless further ordered by the Court;

E. Permitting the Court and Defendants to access Plaintiff's true identity and restricted documents only through a procedure directed by the Court; and

F. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this __17__ day of __July_____, 2026.

**JANE DOE**
Plaintiff, Pro Se

Case No. 1:26-cv-03222-RTG   Document 6   filed 07/17/26   USDC Colorado   pg 3 of 3