**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*4:17 pm, Jul 17, 2026*
**JEFFREY P. COLWELL, CLERK**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

JANE DOE,                                                         )
    Plaintiff,                                            )
                              )
v.                                                                )    Civil Action No. __1:26-cv-03222-RTG__
                              )
THE CONNOR GROUP LLC; HALEY                                        )
WICKSTROM; PEGGY H.; GRETA BIESEL;                                 )
BRYANT F.; and YARDI SYSTEMS, LLC,                                 )
individually and d/b/a RENTCAFE                                    )
                              )
    Defendants.                                           )

---

## EMERGENCY MOTION TO RESTRICT PUBLIC ACCESS TO PSEUDONYM MOTION, DECLARATION, AND RELATED DOCUMENTS

Plaintiff Jane Doe, appearing pro se, respectfully moves this Court on an emergency basis under D.C.COLO.LCivR 7.2, Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 26(c), and the Court's inherent authority to manage its docket and protect litigants from serious harm, to restrict public access to documents filed in support of Plaintiff's request to proceed under pseudonym.

Plaintiff requests restriction because the documents contain highly sensitive personal, safety-related, child-protective-services, disability, identity, and settlement-related information that should not appear on the public docket.

### 1. Documents Plaintiff Seeks to Restrict

Plaintiff requests that the Court restrict public access to the following documents in their entirety:

- This Emergency Motion to Restrict Public Access to Pseudonym Motion, Declaration, and Related Documents — all pages;
- Motion for Leave to Proceed Under Pseudonym — all pages;
- Declaration of Jane Doe in Support of Motion for Leave to Proceed Under Pseudonym — all pages;
- Proposed Order Granting Motion for Leave to Proceed Under Pseudonym — all pages;
- Any supporting documents, exhibits, attachments, or filings containing Plaintiff's true identity, family-violence history, child-protective-services history, settlement-related information, safety information, or facts that could identify Plaintiff through public searches.

### 2. Legal Standard Under D.C.COLO.LCivR 7.2

- Under D.C.COLO.LCivR 7.2, a motion to restrict public access must identify the documents to be restricted, the privacy or safety interests to be protected, the injury that will result if access is not restricted, why no less restrictive alternative is adequate, and the restriction requested.

1

- Plaintiff seeks restriction of specific pseudonym-related documents and confidential supporting materials, not a blanket restriction of every filing in this action.

- The privacy and safety interests include Plaintiff's physical safety, legal identity, current and future location information, disability information, child-protective-services-related information, and settlement-related confidentiality obligations.

- Public access to the identified documents will defeat Plaintiff's pseudonym request and expose Plaintiff to safety, privacy, and confidentiality harm.

- Redaction alone is not sufficient because the sensitive information appears throughout the motion, declaration, proposed order, and supporting documents, and the nature of the filings themselves reveals the private information Plaintiff seeks to protect.

- Plaintiff requests restricted public access to the documents identified below, while allowing the Court to review the materials and allowing any disclosure to Defendants only through a procedure ordered by the Court.

### 3. Grounds for Emergency Restriction

- Plaintiff's pseudonym filings contain highly sensitive information regarding Plaintiff's family-violence history, safety concerns, childhood records, and matters connected to child-protective-services proceedings.

- The information contained in the pseudonym filings can be connected to a prior public news article from 2019 and can identify Plaintiff or connect Plaintiff to sensitive events that are not appropriate for public disclosure.

- The pseudonym filings also discuss matters connected to a prior settlement involving child-protective-services-related issues.

- Plaintiff is subject to confidentiality obligations, including a non-disclosure obligation, related to that settlement.

- Public access to the pseudonym filings creates a risk that Plaintiff will be placed in breach of those confidentiality obligations.

- Public access also creates a risk that Defendants, third parties, media sources, data aggregators, search engines, or members of the public will connect Plaintiff's identity to sensitive family, child-protective-services, and settlement-related information.

- The purpose of Plaintiff's Motion for Leave to Proceed Under Pseudonym is to protect Plaintiff's identity, safety, and private information. If the motion, declaration, proposed order, or supporting documents remain publicly accessible, the purpose of the pseudonym request is defeated.

- The restriction requested is necessary because redaction alone is not sufficient for the affected documents. The sensitive information appears throughout the pseudonym motion and declaration, and the documents themselves reveal the type of private facts Plaintiff seeks to protect.

- Plaintiff does not seek to restrict public access to the entire case through this Motion. Plaintiff seeks emergency restriction of the pseudonym-related documents identified above because those documents contain sensitive identifying and safety information.

- Public access to the complaint and non-identifying filings can remain available unless otherwise ordered by the Court.

- Restricting public access to the pseudonym-related documents protects Plaintiff's safety, privacy, and confidentiality obligations while preserving the public's ability to access the general case docket and non-identifying filings.

**4. Requested Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

A.  Granting this Emergency Motion;

B.  Restricting public access to this Emergency Motion to Restrict Public Access to Pseudonym Motion, Declaration, and Related Documents in its entirety;

C.  Restricting public access to Plaintiff's Motion for Leave to Proceed Under Pseudonym in its entirety;

D.  Restricting public access to Plaintiff's Declaration of Jane Doe in Support of Motion for Leave to Proceed Under Pseudonym in its entirety;

E.  Restricting public access to Plaintiff's Proposed Order Granting Motion for Leave to Proceed Under Pseudonym in its entirety;

F.  Restricting public access to any supporting exhibits, attachments, identity documents, child-protective-services records, settlement-related materials, safety materials, or documents containing Plaintiff's true identity or identifying information;

G.  Directing the Clerk to restrict these materials from public view pending further order of the Court;

H.  Permitting the Court to review the restricted documents while preventing public access to them; and

I.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this __17__ day of __July____, 2026.


**JANE DOE**
Plaintiff, Pro Se