**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*4:40 pm, Jul 17, 2026*
**JEFFREY P. COLWELL, CLERK**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

JANE DOE,                                          )
    Plaintiff,                                   )
                         )
v.                                                      )        Civil Action No. 1:26-cv-03222-RTG
                         )
THE CONNOR GROUP LLC; HALEY          )
WICKSTROM; PEGGY H.; GRETA BIESEL;  )
BRYANT F.; and YARDI SYSTEMS, LLC,      )
individually and d/b/a RENTCAFE               )
                         )
    Defendants.                                )

---

## EMERGENCY MOTION TO RESTRICT PUBLIC ACCESS TO PREVIOUSLY FILED MOTION TO RESTRICT PUBLIC ACCESS TO FEE-WAIVER, IDENTITY, AND SAFETY DOCUMENTS

Plaintiff Jane Doe, appearing pro se, respectfully moves this Court on an emergency basis under D.C.COLO.LCivR 7.2, Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 26(c), and the Court's inherent authority to manage its docket and protect litigants from serious harm, to restrict public access to Plaintiff's previously filed document titled Motion to Restrict Public Access to Fee-Waiver, Identity, and Safety Documents.

### 1. Document Plaintiff Seeks to Restrict

Plaintiff requests that the Court restrict public access to the following document in its entirety:

- Motion to Restrict Public Access to Fee-Waiver, Identity, and Safety Documents.

This Motion is being filed because the previously filed restriction motion itself contains or reveals sensitive identity, safety, disability, fee-waiver, child-protective-services, and settlement-related information that should not remain publicly accessible.

### 2. Legal Standard Under D.C.COLO.LCivR 7.2

- Under D.C.COLO.LCivR 7.2, a motion to restrict public access must identify the document to be restricted, the privacy or safety interests to be protected, the injury that will result if access is not restricted, why no less restrictive alternative is adequate, and the restriction requested.

- Plaintiff seeks restriction of a specific previously filed document, not a blanket restriction of all filings in this action.

- The privacy and safety interests include Plaintiff's physical safety, legal identity, current and future location information, disability information, fee-waiver information, child-protective-services-related information, and settlement-related confidentiality obligations.

- Public access to the previously filed restriction motion defeats Plaintiff's pseudonym request and exposes Plaintiff to the same safety, privacy, and confidentiality harms that Plaintiff sought to prevent.

- Redaction alone is not sufficient because the nature of the document and the information described in the document reveal sensitive identity, safety, and confidentiality information. Restricting the entire document is necessary to protect Plaintiff's safety and confidentiality interests.

**3. Grounds for Emergency Restriction**

- Plaintiff filed a Motion to Restrict Public Access to Fee-Waiver, Identity, and Safety Documents.

- That document itself discusses the existence of Plaintiff's fee-waiver materials, SSA/disability materials, identity documents, safety materials, child-record information, and settlement-related confidentiality concerns.

- The document contains or reveals sensitive information connected to Plaintiff's identity, safety, disability, fee-waiver status, child-protective-services history, and settlement-related confidentiality obligations.

- Public access to that document defeats the purpose of Plaintiff's request to proceed under pseudonym and restrict identity-related materials.

- Plaintiff is subject to confidentiality obligations related to sensitive settlement or child-protective-services-related matters.

- Public access to the previously filed restriction motion creates a risk that Plaintiff's identity, protected history, safety circumstances, or settlement-related information will be exposed.

- Public access creates a risk that Plaintiff will be placed in breach of confidentiality obligations.

- Public access also creates a risk that Defendants, third parties, media sources, data aggregators, search engines, or members of the public will connect Plaintiff's identity to sensitive family, child-protective-services, disability, safety, and settlement-related information.

- Emergency restriction is necessary because the document is already filed and should be removed from public access as soon as possible.

**4. Requested Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

- A. Granting this Emergency Motion;

- B. Restricting public access to Plaintiff's previously filed Motion to Restrict Public Access to Fee-Waiver, Identity, and Safety Documents in its entirety;

- C. Directing the Clerk to restrict the document from public view pending further order of the Court;

- D. Permitting the Court to review the restricted document while preventing public access to it;

- E. Directing that the document not be made publicly accessible unless further ordered by the Court; and

- F. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this __17__ day of __July_____, 2026.

**JANE DOE**
Plaintiff, Pro Se

Case No. 1:26-cv-03222-RTG    Document 9    filed 07/17/26    USDC Colorado    pg 3 of 3